IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                  No. CR 06-537 JB

JOSE CRUZ RODRIGUEZ-RODRIGUEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion in Limine, filed April 6, 2007 (Doc. 82)("Motion to Exclude"). The primary issue is whether the Court should allow the United States to have any witnesses, expert or otherwise, testify regarding what practices are usual or customary in drug organizations or in narcotics transactions. Because the Court believes that testimony regarding narcotics dealers' customary practices may be relevant and helpful to the jury in this case, and because Rodriguez-Rodriguez has not explained why such testimony would be more prejudicial than probative, the Court will not exclude any testimony pretrial.

## PROCEDURAL HISTORY

On March 15, 2006, a federal grand jury returned a two-count indictment that charging Rodriguez-Rodriguez possessed with intent to distribute 100 kilograms and more of marijuana and conspired to possess with intent to distribute 100 kilograms and more of marijuana, in violation of 21 U.S.C. §§ 841 and 846. See Indictment, filed March 15, 2007 (Doc. 17). The Court has set a trial date in this matter for April 9, 2007. Rodriguez-Rodriguez moves the Court to exclude testimony from prosecution witnesses, expert or otherwise, regarding "what practices are usual or

customary in drug organizations or the narcotics business." Motion to Exclude at 1.

## LAW REGARDING DRUG ORGANIZATION TESTIMONY

The United States Court of Appeals for the Tenth Circuit "has repeatedly held that in narcotics cases, expert testimony [by a law enforcement officer] can assist the jury in understanding transactions and terminology." United States v. Walker, 179 Fed. Appx. 503, 507 (10th Cir. 2006)(quoting United States v. Quintana, 70 F.3d 1167, 1171 (10th Cir. 1995)). This rule is based on the Tenth Circuit's recognition that the modus operandi of drug organizations, the value of drug quantities, the language of narcotics dealers, and the tools of the narcotics trade "are not subjects with which most jurors are familiar." United States v. McDonald, 933 F.2d 1519, 1522 (10th Cir. 1991). Other Circuit Courts of Appeal are in accord. See United States v. Martinez, 476 F.3d 961, 967 (D.C. Cir. 2007)("Expert testimony about the methods of drug organizations is common in drug cases."); United States v. Robles-Rosas, 27 Fed. Appx. 897, 899 (9th Cir. 2001)(holding that district court did not abuse its discretion in permitting testimony regarding the modus operandi of drug organizations); United States v. Gastiaburo, 16 F.3d 582, 589 (4th Cir. 1994)("[T]estimony on the modus operandi of criminals 'is commonly admitted,' particularly regarding the methods of drug dealers.")(quoting United States v. Chin, 981 F.2d 1275, 1279 (D.C. Cir. 1992)(Ginsburg, J.)). More specifically, in cases involving possession with intent to distribute, the Tenth Circuit has held that "testimony with regard to the significance of a quantity of drugs possessed is specialized knowledge that assists the jury in understanding a fact at issue." United States v. Mundy, 97 Fed. Appx. 844, 846 (10th Cir. 2004).

**RULE 403**

Rule 403 of the Federal Rules of Evidence authorizes a trial court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. In evaluating whether evidence should be excluded on grounds of unfair prejudice, courts should consider the probable effectiveness of a limiting instruction and the availability of less prejudicial, alternative means of proof. See Old Chief v. United States, 519 U.S. 172, 184-85 (1997)("[W]hen Rule 403 confers discretion by providing that evidence 'may' be excluded, the discretionary judgment may be informed not only by assessing an evidentiary item's twin tendencies, but by placing the result of that assessment alongside similar assessments of evidentiary alternatives."); Fed. R. Evid. 403 advisory committee's note. The Tenth Circuit has cautioned trial courts that "[e]xcluding otherwise admissible evidence under Rule 403 'is an extraordinary remedy that should be used sparingly.'" Mendelsohn v. Sprint/United Mgmt. Co., 466 F.3d 1223, 1231 (10th Cir. 2006)(quoting United States v. Roberts, 88 F.3d 872, 880 (10th Cir. 1996)).

**ANALYSIS**

In his motion to exclude, Rodriguez-Rodriguez has not identified any individual witness to whom he objects or cited any authority in support of his request. He does not contend that any of the United States' proposed witnesses are incompetent or unqualified. Instead, Rodriguez-Rodriguez contends that general testimony regarding drug organization and narcotics transactions is not relevant. See Motion to Exclude at 1. Because the Court believes, however, that testimony regarding narcotics dealers' customary practices may be relevant and helpful to the jury in this case,

and because Rodriguez-Rodriguez has not explained why such testimony would be more prejudicial than probative, the Court will not exclude any testimony pretrial.

Rodriguez-Rodriguez has not identified in what context general testimony regarding drug organizations and narcotics transactions may arise in this case, and the United States has not yet submitted a written response to this motion. Rodriguez-Rodriguez merely claims that "no such generalizations are relevant to any particular case." Motion to Exclude at 1. The Court notes, however, that Rodriguez-Rodriguez has been charged with possession of marijuana with intent to distribute and conspiracy to possess marijuana with intent to distribute. See Indictment at 1. The Tenth Circuit has observed that, in cases involving possession of a controlled substance with intent to distribute, "testimony with regard to the significance of a quantity of drugs possessed is specialized knowledge that assists the jury in understanding a fact at issue." United States v. Mundy, 97 Fed. Appx. at 846. Moreover, the Court does not believe that the organizational logistics of a narcotics trafficking conspiracy are within the general knowledge of most jurors. Accordingly, the Court can foresee the possibility that general testimony might be relevant and helpful to the jury on matters at issue in this case.

The Court understands that, even though general testimony regarding drug organizations might be relevant, such evidence may still be inadmissible under rule 403 if its prejudicial impact significantly outweighs its probative value. The Court is not prepared to say at this point, however, that any danger of prejudice substantially outweighs the evidence's probative value. Rodriguez-Rodriguez has not identified a particular witness to whom he objects, and has not explained the context in which this evidence might be presented. At this point in the proceedings, the record is not sufficiently developed for the Court to exclude the evidence. The Court, therefore, will deny the motion without prejudice

to Rodriguez-Rodriguez renewing it at trial in the context of a more fully developed record.

**IT IS ORDERED** that the Defendant's Motion in Limine is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
  Acting United States Attorney
Gregory B. Wormuth
  Assistant United States Attorney
Las Cruces, New Mexico

  *Attorneys for the Plaintiff*

Thomas L. Wright
El Paso, Texas

  *Attorney for the Defendant*